Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Gabriel Scales**, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Information Strategy Design, Inc.,** an Arizona limited liability company; **Steven Losefsky,** an Arizona resident; and **Michele Losefsky,** an Arizona resident, <br><br> Defendants. | Case No. <br><br><br> **COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.* |

Plaintiff Gabriel Scales, individually, and on behalf of all other persons similarly situated, alleges as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members are current and former computer help desk workers employed by Defendants. They bring this action on behalf of themselves and all similarly-situated current and former computer help desk workers who were

compensated on a salary or hourly basis, and who were not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

2. Plaintiff and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

3. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 201, *et seq.* and 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein - and, thus, are subject to personal jurisdiction in - this judicial district.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Gaberiel Scales resided in the District of Arizona.

8. Plaintiff was a full-time, non-exempt employee of Defendants from in or

around January of 2015 until on or about October 19, 2017.

9. At all relevant times, Plaintiff and Collective Members were employees of Defendants as defined in 29 U.S.C. § 203(e)(1), and were non-exempt employees under 29 C.F.R. § 213(a)(1).

10. Defendant Information Strategy Design, Inc. is a corporation authorized to do business in Arizona, and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

11. Defendants Steven Losefsky and Michele Losefsky are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action to which their marital community is fully liable.

12. Defendant Steven Losefsky is an Arizona resident. He has directly caused events to take place giving rise to this action. Steven Losefsky is the President and a Director of Information Strategy Design, Inc. and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

13. Defendant Michele Losefsky is an Arizona resident. She has directly caused events to take place giving rise to this action. Michele Losefsky is the Secretary and a Director of Information Strategy Design, Inc. and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Steven Losefsky and Michele Losefsky are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Steven Losefsky and Michele Losefsky had the authority to hire and fire employees, determined the method and rate of payment, and maintained records in connection with Plaintiff's and the Collective

Members' employment with Defendants. As persons who acted in the interest of Information Strategy Design, Inc. in relation to the company's employees, Steven Losefsky and Michele Losefsky are subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

18. Plaintiff and Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.

**FACTUAL ALLEGATIONS**

19. Defendants own and operate Information Technology Strategy Design, Inc., which provides IT support and solutions to its customers.

20. In or around January 2015, Plaintiff commenced employment with Defendants as a computer help desk worker.

21. As a computer help desk worker, Plaintiff's primary job duties included the following repetitive tasks: (a) providing support in response to help desk inquiries or "tickets"; (b) monitoring client's system alerts and notifications; (c) providing recovery support solutions; (d) providing basic technical support at the network IT level; (e) and providing basic IT remote access solution implementation and support.

22. At all relevant times in his capacity as a computer help desk worker, Plaintiff was a non-exempt employee and was paid a salary of $47,500 per year.

23. In his capacity as a computer help desk worker, Plaintiff routinely worked in excess of 40 hours per week while "on call", and was not provided with the required one and one-half times pay premium as required by the FLSA for all his overtime hours.

24. Pursuant to 29 CFR § 785.17, "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call.""

25. Plaintiff was required to work designated "on call" shifts as a condition of his employment and was not paid the premium overtime rate accordingly.

26. Defendants customarily and regularly maintained "on call" hours from:

   a. 6:00am – 7:00am; Monday through Friday;

   b. 5:00pm – 10:00pm; Monday through Friday;

   c. 7:00am – 7:00pm; Saturday;

   d. 9:00am – 5:00pm; Sunday;

   e. 9:00am – 5:00pm; Holidays.

27. During weeks when Plaintiff was "on call", he was required to work the "on call" hours above in addition to his regular forty (40) hours per week schedule.

28. Plaintiff worked approximately 80-90 hours per week that he was "on call" and was not paid the overtime premium for such hours worked over forty in each applicable workweek.

29. Over the course of his employment, Plaintiff worked a total of approximately 1200 "on call" hours, all of which were worked in addition to Plaintiff's

regular forty (40) hours per week schedule.

30. While working "on call", Plaintiff was required to perform similar—if not identical—job duties and responsibilities as he was required to perform during his regular workweek.

31. Plaintiff's "on call" work was performed remotely, whereas his regular workweek was performed at the physical office of Information Strategy Design.

32. While working "on call", Plaintiff was required to monitor and respond to emails with critical alert notifications.

33. While working "on call", Plaintiff was required to monitor and respond to Afterhours Emergency voicemails.

34. While working "on call", Plaintiff was required to promptly respond to emails in order to ensure that all afterhours inquiries were addressed within one hour.

35. While working "on call", Plaintiff was required to promptly respond to voicemails in order to ensure that all afterhours voicemail messages were addressed within fifteen minutes.

36. As such, Plaintiff was unable to use his personal time effectively for his own purposes while he was "on call".

37. Plaintiff was not a manager.

38. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

39. Plaintiff did not have authority to formulate, affect, interpret, or implement Defendants' management policies or operating practices.

40. Plaintiff did not carry out major assignments in conducting the operations of

Defendants' business.

41. Plaintiff did not perform work that affects business operations to a substantial degree.

42. Plaintiff did not have the authority or discretion to commit the Defendants in matters of significant financial importance.

43. Plaintiff did not have authority to waive or otherwise deviate from Defendants' established policies and procedures without prior approval.

44. Plaintiff did not provide consultation or expert advice to management.

45. Plaintiff was not involved in planning long-term or short-term business objectives.

46. Plaintiff did not investigate and/or resolve matters of significance on behalf of Defendants.

47. Plaintiff did not represent Defendants in handling complaints, arbitrating disputes, or resolving grievances.

48. In his capacity as a computer help desk worker, Plaintiff's primary duty was not the management of Defendants in which he was employed.

49. In his capacity as a computer help desk worker, Plaintiff did not customarily and/or regularly direct work of two or more employees.

50. In his capacity as a computer help desk worker, Plaintiff did not have the authority to, nor did he, hire or fire other employees.

51. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

52. Defendants were aware that Plaintiff's working hours routinely exceeded 40

hours, and required him to work overtime as a condition of his employment.

53. Defendants also required Plaintiff to work "on call" as a condition of his employment and failed to compensate him accordingly.

54. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for on call and overtime hours Plaintiff worked.

55. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

56. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff Scales brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as computer help desk workers (or in positions with similar job titles or job duties) for Defendants. The proposed collective class for the FLSA claims is defined as follows:

> **All persons who worked as computer help desk workers (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").**

58. Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as "Exhibit 1". As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

59. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

60. When Plaintiff was not "on call" one of his similarly situated peers—the Collective Members—were required to cover the additional work hours.

61. Defendants improperly classified Plaintiff and the Collective Members as exempt from the FLSA's overtime pay requirements.

62. Plaintiff and the Collective Members routinely worked over forty (40) hours in a workweek and were not compensated by Defendants with overtime pay for the hours they worked over forty in a workweek.

63. Plaintiff and the Collective Members were required to work designated "on call" shifts as a condition of their employment, and were not paid the premium overtime rate accordingly.

64. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

65. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

66. All class members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

67. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

68. Defendants uniformly misrepresented to Plaintiff and other computer help desk workers (and/or those in a position with similar job titles or job duties) that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and other similarly situated employees are, and were, non-exempt employees who are, and were, entitled to overtime pay.

69. Notice of this action should be sent to all similarly situated computer help desk workers and/or those in a position with similar job titles or job duties.

70. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

71. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

72. At all relevant times, Plaintiff and the Collective Member were employed by Defendants within the meaning of the FLSA.

73. Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wage.

74. While employed by Defendants, Plaintiff and the Collective Members routinely worked "on call" for the Defendants, as defined by 29 CFR § 785.17.

75. Plaintiff and the Collective Members were not paid their premium overtime rate for hours worked over forty while "on call".

76. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

77. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members overtime wages in accordance with 29 U.S.C.§ 207.

78. As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed "on call" in excess of their regular 40 hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the

Collective Members' favor, and against Defendants:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    For the Court to declare and find that the Defendants committed one or more of the following acts:

        i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

        ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    For the Court to provide reasonable incentive awards to each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

    G.    Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff and the Collective Members hereby demand a trial by jury of all issues so

triable.

RESPECTFULLY SUBMITTED January 9, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiffs

Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Gabriel Scales

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Gabriel Scales**, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> **Information Strategy Design, Inc.,** an Arizona limited liability company; **Steven Losefsky,** an Arizona resident; and **Michele Losefsky,** an Arizona resident, <br><br> Defendants. | Case No. <br><br><br> **PLAINTIFF GABRIEL SCALES'S CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |

I, Gabriel Scales, do hereby consent to be a party plaintiff to the above entitled action. I have read the complaint to be filed in the United States District Court for the District of Arizona, Phoenix Division, and authorize my attorneys, Zoldan Law Group, PLLC to file the complaint on my behalf and for other employees similarly situated.

_____
Gabriel Scales

_____
Date  1/8/18