**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Scales, | No. CV-18-00087-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Information Strategy Design Incorporated, et al., | |
| Defendants. | |

Plaintiff Gabriel Scales brings this action against Defendants Information Strategy Design Incorporated, Steven Losefky, and Michele Losefsky (collectively "ISD") to recover allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. At issue is Scales' Motion for Conditional Certification and Court-Supervised Notice of Pending Collective Action (Doc. 31), in which he seeks to conditionally certify similarly situated workers as a class for purposes of pursuing a collective FLSA action under 29 U.S.C. § 216(b). The motion is fully briefed (Docs. 36, 39), and neither party requested oral argument. For the following reasons, Scales' motion is granted, but for a narrower class than requested.

## I. Background

From January 2015 to mid-October 2017, Scales worked as a Help Desk Technician for ISD, an Arizona corporation that provides IT support and solutions to ISD clients. (Doc. 31-1 ¶ 1.) Scales' primary job duties included "providing support in response to help

desk inquiries," "monitoring client's system alerts and notifications," "providing recovery support solutions," "providing basic technical support at the network IT level," and "providing basic IT remote access solution implementation and support." (Doc. 31-1 ¶ 7.)

In addition to his normal, on-site hours, Scales periodically was expected to perform on-call work. (¶¶ 8, 15.) When on call, Scales was expected to be available to respond to clients' IT needs outside of normal business hours from 6:00am to 7:00am and 5:00pm to 10:00pm on Monday through Friday, 7:00am to 7:00pm on Saturday, and 9:00am to 5:00pm on Sunday. (¶¶ 17-22.) As a result, Scales routinely worked 80-90 hours per week while assigned on-call duty. (¶ 34.) He also claims that he routinely worked more than 40 hours per week, sometimes by as much as 20 hours, even when not on call. (¶ 33.) Scales, however, was compensated on a salaried basis and therefore was not paid the one and one-half times pay premium required by the FLSA for overtime hours worked by non-exempt employees. (¶¶ 10, 12-13); 29 U.S.C. § 207(a)(1).

Help Desk Technicians performed on-call work in rotations, with each technician spending an entire week on-call. (Doc. 31-1 ¶ 15.) During his employment with ISD, Scales shared the on-call rotation with approximately ten other employees. (¶ 23.) When Scales was not assigned on-call duties, another similarly situated employee would be. (¶¶ 24-26.) Scales claims that he personally witnessed other technicians performing similar tasks and working more than 40 hours per week without receiving overtime compensation. (¶¶ 27-29.) He believes that this pay discrepancy is the result of ISD's misclassification of Help Desk Technicians as exempt employees and ISD's standard on-call policy. (¶¶ 16, 30-33.) Scales therefore seeks to pursue this case as a collective action and to conditionally certify the following class:

> All persons who worked as computer help desk technicians (or in other positions with similar job titles or job duties), and/or persons who performed on-call duties for Defendants, and/or persons who worked in excess of 40 hours in a given workweek but were not paid overtime, at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").

(Doc. 31 at 3.)

## II. Legal Standard

The FLSA prohibits covered employers from employing any employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation[.]" *Id.* § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* Employees not named in the complaint who wish to join the action must give their consent in writing to the court in which the action is brought. *Id.*

"Section 216(b) does not define 'similarly situated,' and the Ninth Circuit has not construed the term." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). Although courts in other circuits have taken different approaches in this determination, "district courts within the Ninth Circuit generally follow the two-tiered or two-step approach for making a collective action determination." *Id.*; *see also Villarreal v. Caremark LLC*, No. Cv-14-00652-PHX-DJH, 2014 WL 4247730, at *3 (D. Ariz. Aug. 21, 2014) ("The majority of courts, including those within the District of Arizona, have adopted the two-tiered approach in deciding whether to grant FLSA collection action status." (internal quotations and alterations omitted)). Under this approach,

> the court determines, on an ad hoc case-by-case basis, whether plaintiffs are similarly situated. This requires the court to first make an initial 'notice stage' determination of whether plaintiffs are similarly situated. At this first stage, the court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If a plaintiff can survive this hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt-into the lawsuit.

> Once the notification period ends, the Court moves on to the second step of the certification process. At the second step, in response to a motion to decertify the class filed by the defendant, the court makes yet another determination whether the proposed class members are similarly situated; this time, however, the court utilizes a much stricter standard to scrutinize the nature of the claims.

*Colson*, 687 F. Supp. 2d at 925 (internal citations and some quotations omitted).

Although the plaintiffs' "burden is light," conditional certification is "by no means automatic." *Id.* "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, No. CIV 92-453-PHX-RCB, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993). The allegations need not be "strong [n]or conclusive;" the plaintiff need only show "that there is some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. "Plaintiffs need only show that their positions are similar, not identical, to the positions held by the putative class members." *Juvera v. Salcido*, 294 F.R.D. 516, 520 (D. Ariz. 2013) (internal quotations omitted). In other words, "[t]he court must only be satisfied that a reasonable basis exists for the plaintiffs' claims or class wide injury." *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) (internal quotations marks omitted).

Whether a collective action should be conditionally certified ultimately is within the discretion of the court. *Colson*, 687 F. Supp. 2d at 925. The court should not review the underlying merits of the action, nor should it "resolve factual disputes . . . at the preliminary certification stage of an FLSA collective action." *Id.* at 926. "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kelsey v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014) (internal quotations omitted).

**III. Discussion**

## A.  Similarly Situated

The Court concludes that Scales has met his low burden for conditional certification. Scales alleges that ISD misclassified him and other computer help desk workers as exempt employees, and that ISD had a uniform on-call policy for help desk workers that resulted in those employees routinely working more than 40 hours per week without overtime compensation.  Scales also alleges that computer help desk workers shared similar job duties.  Scales supports these allegations with (1) his own sworn declaration, (2) a copy of his job offer letter detailing the requirements of his position, and (3) a copy of ISD's "On-Call Technician Process."  (Doc. 31-1.)

In opposing Scales' motion, ISD primarily faults Scales for not supporting his allegations with declarations of other potential class members.  (Doc. 36 at 4-5.)  ISD cites numerous cases in which courts conditionally certified classes after the named plaintiffs submitted multiple declarations from other potential class members and extrapolates from them that "Plaintiffs in the Ninth Circuit seeking conditional certification are generally required to submit multiple declarations of other similarly situated individuals to support their request for conditional certification."  (*Id.*)  The Ninth Circuit, however, has not established a bright line rule that conditional class certification motions must be supported by multiple declarations.  Quality, not quantity, controls.

For example, in *Colson*, the court denied conditional certification because the three affidavits submitted by the plaintiffs were vague and based on "unspecified hearsay."  687 F. Supp. 2d at 928.  One of the plaintiff's declarations cited to "discussions . . . with [unidentified] coworkers" and was "filled with statements that lack personal knowledge."  *Id.*  The court noted: "Essentially, [the plaintiff's] declaration describes the experience of one former Avnet employee in one office who is claiming to have not been paid the overtime wages she was entitled to."  *Id.* at 929.  In *Coyle v. Flowers Foods Incorporated*, 2016 WL 4529872, No. CV-15-01372-PHX-DLR (D. Ariz. Aug. 29, 2016), this Court granted a motion for conditional class certification and, in doing so, distinguished *Colson*: unlike *Colson*, "Plaintiffs' declarations are based on personal knowledge and experience

and contain substantial allegations supporting their contention that all Distributors are victims of a single decision, policy, or plan—misclassification as independent contractors under the Distribution Agreements." *Id.* at *4.

The same is true here. Scales submits a sworn declaration in which he states that ISD has a uniform on-call policy, that he shared the on-call rotation with roughly ten other employees who performed the same on-call duties, that he personally witnessed other help desk technicians performing similar tasks, and that other technicians informed him that they also worked more than 40 hours per week. (Doc. 31-1 ¶¶ 15-16, 23-28.) These are matters of which Scales appears to have personal knowledge, and they are adequate to meet Scales' light burden at this stage. Although, perhaps as a matter of best practices, plaintiffs seeking conditional class certification should endeavor to obtain declarations from other potential class members (for example, if Scales personally witnessed other technicians performing similar on-call work, he presumably could have asked at least one to submit a declaration to support this motion), such additional declarations are not necessarily required when the named plaintiff's declaration adequately supports his allegations.

ISD also argues that Scales has not shown that other Help Desk Technicians performed the same job functions as him. (Doc. 36 at 6-7.) For example, ISD contends that "at least some individuals Plaintiff seeks to include in the class had supervisory authority over other employees," were responsible for "hiring and firing other employees," or otherwise "had job duties distinctly different from [Scales'] job duties." (*Id.* at 7.) This might ultimately be true, but it does not follow that conditional class certification is inappropriate. Rather, "[a]ny variation in the putative class members' job responsibilities is a factor to be considered at the second stage of the analysis after completion of discovery." *Barrera v. U.S. Airways Grp., Inc.*, No. CV-2012-02278-PHX-BSB, 2013 WL 4654567, at *6 (D. Ariz. Aug. 30, 2013); *see also Coyle*, 2016 WL 4529872, at *5 (finding that arguments concerning possible differences in putative class members' job duties more appropriately raised in a motion to decertify the conditional class).

Finally, ISD argues that Scales has not shown that it had a company-wide practice

that violated the FLSA. Specifically, ISD contends that it is insufficient to merely allege misclassification as an exempt employee. (Doc. 36 at 9-12.) The Court disagrees for two reasons. First, Scales has done more than merely allege misclassification as an exempt employee. He also alleges that ISD implemented a uniform on-call policy, and that approximately ten other similarly situated employees were required to perform similar on-call duties, thereby increasing their work hours above 40 per week. Second, this Court and others have conditionally certified classes based on allegations of misclassification under the FLSA. *See Coyle*, 2016 WL 4529872, at *5; *Kelsey*, 67 F. Supp. 3d at 1065-66 (finding exotic dancers classified as independent contracts were similarly situated for FLSA collective action); *Villarreal*, 66 F. Supp. 3d at 1194 (finding benefits analysts classified as independent contractors were sufficiently situated to other putative class members); *Anderson v. Ziprealty, Inc.*, No. CV 12-0332-PHX-JAT, 2013 WL 1882370, at *4 (D. Ariz. May 3, 2013) (conditional certification appropriate where plaintiffs were classified as independent contractors); *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 WL 645905, at *8 (E.D. Pa. Feb. 29, 2012) ("all drivers are classified as 'independent contractor' under the agreement, which weighs in favor of conditional certification").[1]

For these reasons, the Court finds that Scales has met his light burden for obtaining conditional class certification. The Court agrees in part, however, with ISD that Scales' proposed class is too broad. In his complaint, Scales defined the proposed class as follows:

> All persons who worked as computer help desk workers (or in other positions with similar job titles or job duties) for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").

(Doc. 1 ¶ 57.) Yet in his motion for conditional class certification, Scales expands this proposed class to include "persons who performed on-call duties for Defendants," and "persons who worked in excess of 40 hours in a given workweek but were not paid

---

[1] The Court acknowledges that other courts have accepted ISD's position and concluded that misclassification, alone, is insufficient to establish a uniform policy. *See, e.g.*, *Colson*, 687 F. Supp. 2d at 927. But ISD has cited no Ninth Circuit or Supreme Court decision announcing such a blanket rule and, in the absence of binding authority to the contrary, this Court declines to impose one.

overtime," apparently regardless of whether those persons also worked as computer help desk technicians. (Doc. 31 at 3.) In so doing, Scales likely ropes in far too many employees who were not engaged in similar work. The Court finds that Scales' original formulation was closer to the mark, and therefore will conditionally certify the following class:

> All persons who worked as computer help desk workers (or in other positions with similar job titles or job duties) and worked more than 40 hours in a given workweek for Defendants at any time from three years prior to the filing of this Complaint through the entry of judgment (the "Collective Members").[2, 3]

**B. Notice**

ISD has lodged numerous objections to Scales' proposed class action notice and requests either (1) an opportunity to meet and confer with Scales to craft a mutually agreeable notice or (2) a hearing to address its objections. (Doc. 36 at 12-17.) For his part, Scales appears receptive to at least some of ISD's proposed changes, though he maintains that other aspects of his notice are legally sufficient. (Doc. 39 at 9-11.) Under these circumstances, the Court will grant ISD's request for additional time to meet and confer regarding the notice, especially considering some common ground seems possible.

With that said, the Court will address one of ISD's objections now. Scales asks that the Court permit him to serve potential class members with a copy of the notice via both

---

[2] ISD argues that the Court should limit the proposed class to employees with the job title "Help Desk Technician Level 1" who worked more than 40 hours per week (Doc. 36 at 9), but Scales highlights evidence that the precise job titles assigned to help desk workers like himself shifted over time and has persuasively argued that limiting the proposed class in the manner ISD requests likely would result in an under-inclusive definition.

[3] The Court declines to specify on-call work in the class definition because, as the Court understands Scales' complaint, he seeks only to vindicate the rights of those computer help desk workers who worked more than 40 hours per week, regardless of whether those excess hours were the result of on-call versus on-site work. Although it seems that on-call work likely is the main reason such workers put in overtime, presumably a help desk worker who performed on-call work but somehow did not work more than 40 hours in any given workweek would fall outside the scope of this action. Limiting the class to computer help desk workers who worked more than 40 hours in any given workweek therefore will achieve the goal of including similarly situated employees who potentially are owed overtime compensation (through either on-call work or on-site work), while excluding those who might have worked on-call shifts but never worked more than 40 hours per week.

first-class mail and email. (Doc. 31 at 11.) ISD asks that the Court limit notice to only first-class mail. (Doc. 36 at 16.) The Court finds no reason to impose such a limitation, especially considering Scales has proffered evidence that on-call computer help desk workers are required to check their email regularly. So long as potential class members are provided with the notice via first-class mail, the Court sees no harm in supplementing that notice with an email.

### C. Production of Potential Class Members' Information

Lastly, Scales asks the Court to order ISD to produce the names, all known addresses, phone numbers, dates of birth, all known email addresses, driver's license numbers, social security numbers, and dates of employment for all potential class members. (Doc. 31 at 12.) ISD objects to this request as overly broad and asks the Court to limit such production to names and last known addresses. (Doc. 36 at 17.) The Court agrees that the request is overly broad to achieve the purpose of identifying and notifying potential class members. Accordingly, the Court will order ISD to produce only the names, last known mailing addresses, last known email addresses, and dates of employment for all potential class members. *See Coyle*, 2016 WL 4529872, at * 7 (similarly limiting production of potential class members' personal information).

**IT IS ORDERED** as follows:

1.  Scales' motion for conditional class certification (Doc. 31) is **GRANTED** as explained herein.

2.  The parties are ordered to meet and confer to craft a mutually agreeable proposed notice. By no later than **January 11, 2019**, the parties shall submit either (1) a revised copy of the proposed notice for final court review and approval or, if the parties cannot resolve all disagreements, (2) a joint explanation of the parties' disagreements, limited to **10 pages**. The Court will set a deadline for mailing/emailing the notice to potential class members after final review and approval of the parties' proposed notice.

3.  By no later than **January 11, 2019**, ISD shall produce names, last known

mailing addresses, last known email addresses, and dates of employment for all potential class members.

Dated this 21st day of December, 2018.

Douglas L. Rayes
United States District Judge