**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Scales, | No. CV-18-00087-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Information Strategy Design Incorporated, et al., | |
| Defendants. | |

Plaintiff filed this Fair Labor Standards Act ("FLSA") collective action on January 9, 2018. (Doc. 1.) Six months later, he moved for conditional class certification. (Doc. 31.) Both parties requested and received extensions of time in which to file responsive and reply memoranda. (Docs. 34, 35, 37, 38.) As a result, Plaintiff's motion for conditional class certification became fully briefed, and therefore ripe for the Court's consideration, on August 3, 2018. (Doc. 39.) On December 21, 2018, the Court issued an order granting Plaintiff's motion and conditionally certifying the following class:

> All persons who worked as computer help desk workers (or in other positions with similar job titled or job duties) and worked more than 40 hours in a given workweek for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment ("the Collective Members").

(Doc. 40.) The Court also directed Defendants to provide Plaintiff with the names, last known mailing addresses, last known email addresses, and dates of employment for all potential class members by no later than January 11, 2019. (*Id.*)

As currently formulated, the conditionally certified class includes computer help desk workers who performed overtime work from January 9, 2015 through the present. Defendants, however, have filed a Motion for Clarification/Modification of Order Granting Conditional Certification (Doc. 41), in which they correctly note that the statute of limitations for each plaintiff who opts-in to an FLSA collective action runs from the date that he or she files a notice of consent to join the lawsuit, not the date the complaint was filed. 29 U.S.C. § 256; *see also Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 208044, at *2 (D. Ariz. Jan. 20, 2011) ("Under the FLSA, the statute of limitations for each individual party plaintiff is not tolled until he or she filed a written consent to opt-in to the action."). The FLSA imposes a two-year statute of limitations for unpaid wage claims, and a three-year statute of limitations in the case of willful violations. 29 U.S.C. § 255(a). Defendants therefore ask the Court to modify the conditionally certified class to include only those relevant employees who were employed between January 11, 2016 and the present—representing three years from the date Defendants are required to provide Plaintiff with a list of potential class members and their contact information.[1] Defendants contend that such a limitation is appropriate at this point to avoid the needless expenditure of time and resources to notify individuals with time-barred claims and to potentially litigate those claims.

Plaintiff does not dispute that the statute of limitations for class members' claims generally runs from the date those members opt-in to the action. He argues, however, that the Court should deny Defendants' request for three reasons: (1) the statute of limitations should be equitably tolled because Defendants failed to conspicuously post at the workplace a notice of the FLSA's requirements, as required by 29 C.F.R. § 516.4; (2) the statute of limitations should be equitably tolled beginning June 15, 2018 (when Plaintiff filed his motion for conditional class certification) to account for the time it took for the Court to issue a decision on the motion; and (3) it is premature to narrow the potential class

---

[1] Defendants do not concede that the three-year statute of limitation applies but are willing to apply the longer limitations period for purposes of the present motion and this early phase of the litigation.

- 2 -

because Defendants can raise these same arguments at a later stage of the litigation. (Doc. 43.) Plaintiff's arguments are not persuasive.

To the first point, the Court acknowledges a split in authority concerning whether an employer's failure to post at the workplace a notice of the FLSA's requirements, without more, equitably tolls the statute of limitations. Both parties cite cases supporting their positions on this point, and the Ninth Circuit does not appear to have weighed in on the issue. This Court, however, does not need to resolve this legal question at this stage to rule on the pending motion because Plaintiff has done nothing more than speculate that Defendants did not post the required notice. Nowhere in his complaint does Plaintiff allege that Defendants failed to post the notice, nor was the issue raised in the parties' Joint Proposed Case Management Plan. (Doc. 18.) Plaintiff likewise offered no evidence in his response brief to support this factual assertion. Though Plaintiff cites cases in which the statute of limitations was tolled because of an employer's failure to post a required FLSA notice, in all of those cases the plaintiffs at the very least *alleged* those facts. Here, Plaintiff has done nothing more than speculate in a response memorandum.

To the second point, the Court finds Plaintiff's contention that the statute of limitations should be tolled beginning on the date he filed his motion for class certification to be meritless. First, this District's Local Rules of Practice (as well as basic notions of fairness) allowed Defendants to respond to the motion, and for Plaintiff to reply to that response. Plaintiff offers no explanation as to why equitable tolling should apply as of the date he filed his motion for class certification (June 15, 2018), as opposed to the date the motion became fully briefed (August 3, 2018). Second, in most cases a motion seeking substantive relief (as opposed, for example, to a motion seeking an extension of a deadline or page limit) will not be ruled on by the Court the very day it becomes ripe for consideration. The Court has other cases besides this one on its docket, and even if the Court could immediately direct its attention to any given motion upon the filing of the reply memorandum, it reasonably takes time to review the briefs, conduct legal research, consider and weigh the issues, reach a decision, write a reasoned order, and have that order

1  docketed and served on the parties. To the extent Plaintiff argues that the statute of
2  limitations should be equitably tolled for at least part of the time that the Court had the
3  fully briefed motion under advisement, he fails to identify precisely when that tolling
4  should begin. That is, if Plaintiff is implying that the Court took too long after August 3,
5  2018 to rule, he does not propose how much time would have been reasonable for the Court
6  to take considering the issues raised in the briefs and the demands of the rest of the Court's
7  civil and criminal docket.

8  Lastly, Plaintiff's argument that it is premature to narrow the proposed class is not
9  well-taken. Although Defendants could raise these issues at a later stage of the litigation,
10 that would happen only after the expenditure of significant resources on potentially time-
11 barred claims. Moreover, nothing would prevent Plaintiff from later moving to modify the
12 temporal scope of the class if discovery produces evidence that Defendants failed to post
13 the required FLSA notice. *See Summa v. Hofstra Univ.*, No. CV 07-3307(DRH)(ARL),
14 2008 WL 3852160, *6 (E.D.N.Y. Aug. 14, 2008) (rejecting plaintiff's equitable tolling
15 argument at the conditional class certification stage but leaving open the possibility that
16 the temporal scope of the class could be modified "should further discovery prove that
17 FLSA notices were not posted in accordance with the requirements of law"). Considering
18 Plaintiff's equitable tolling argument is, at this point, purely speculative, the Court finds it
19 more appropriate to narrow the class now while leaving open the possibility that it may be
20 expanded should discovery produce evidence to back up Plaintiff's equitable tolling theory.
21 For these reasons,

22 **IT IS ORDERED** that Defendants' Motion for Clarification/Modification of Order
23 Granting Conditional Certification (Doc. 41) is **GRANTED** as follows:

24 1. The conditionally certified class is modified to include all persons who worked
25    as computer help desk workers (or in other positions with similar job titled or
26    job duties) and worked more than 40 hours in a given workweek for Defendants
27    at any time from three years prior to January 11, 2019 through the entry of
28    judgment ("the Collective Members").

2. By no later than **January 11, 2019**, Defendants shall produce the names, last known mailing addresses, last known email addresses, and dates of employment for all potential class members.
3. The remainder of the Court's prior order granting Plaintiff's motion for conditional class certification (Doc. 40) remains operative.

Dated this 4th day of January, 2019.

Douglas L. Rayes
United States District Judge