**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Scales, | No. CV-18-00087-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Information Strategy Design Incorporated, et al., | |
| Defendants. | |

The Fair Labor Standards Act ("FLSA") requires employers to compensate qualifying employees for time worked while on call. 29 U.S.C. § 207(a). On-call time, however, is not compensable during periods in "which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes[.]" 29 C.F.R. § 785.16(a). Stated differently, time an employee spends "waiting to be engaged" is not compensable, but time spent "engaged to wait" is. *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992); *see also* 29 C.F.R. §§ 785.14-17.

Plaintiff Gabriel Scales accuses Defendants Information Strategy Design Incorporated ("ISD"), Steven Losefksy, and Michele Losefksy of violating the "FLSA by not properly compensating him for overtime work. Scales was a salaried employee offering technical support to Defendants' clients. He worked on-call every six weeks. On-call hours were Monday through Friday from 6:00 AM to 7:00 AM and 5:00 PM to 10:00

PM, and Saturday, Sunday, and holidays from 9:00 AM to 5:00 PM. When working on-call, Scales was expected to process voicemails and emails. After resigning in late 2017, Scales filed this action seeking overtime compensation.

Defendants move for partial summary judgment on whether the time Scales spent on-call but waiting, rather than working, is compensable under the FLSA. (Docs. 51.) Summary judgment is appropriate when there are no genuine disputes of material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Whether on-call time is compensable depends on the totality of the circumstances, but predominately the employee's ability to engage in personal activities and any agreements between the parties. 29 C.F.R. § 785.16(a); *Owens*, 971 F.2d at 350. Whether an employee could engage in personal activities depends on various factors, including (but not limited to):

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities (6) whether use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time.

*Owens*, 971 F.2d at 351. Whether the employee received a "respite from on-call duty" can also be relevant. *Id.* at 354 (finding employees "received respite" from on-call duties under the policy's escalation tree).

This analysis presents mixed questions of law and fact. "Whether and to what extent employees are able to use on-call time for personal activities is a question of fact," as is "[w]hether there was an agreement between the employer and the employees that

employees would receive compensation only for actual work conducted on-call[.]" *Berry v. Cty. of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994). But, consistent with the summary judgment standard, if these matters are not genuinely disputed, "whether the limitations on the employees' personal activities while on-call are such that on-call waiting time would be considered compensable overtime under the FLSA is a question of law." *Id.*; *see also Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir. 2004) ("The nature of the employees' duties is a question of fact, and the application of the FLSA to those duties is a question of law.").

Having carefully reviewed the evidence and considered the parties' arguments, the Court concludes that summary judgment is inappropriate because of genuine factual disputes over the extent to which Scales could use on-call time for personal activities, and whether Scales had constructively agreed to be paid only for actual work conducted on call.

For example, in terms of geographic restrictions, Defendants expected only that Scales would remain "in town" when on-call. But because Scales required Internet access to check emails, he argues that he effectively was tied to his home. The parties also seem to disagree on the expected response time for voicemails. Scales claims he was required to call clients back immediately after checking voicemails, confirming receipt of the issue. Defendants counter that Scales was expected to respond within one hour. Moreover, the evidence submitted by the parties leaves ambiguous the number of voicemails Scales received.

Defendants note that Scales could trade shifts, but Scales claims that the small pool of employees in the on-call rotation made trades too difficult. Defendants also claim that Scales had more flexibility in using his personal time because he would not have been disciplined for failing to respond to voicemails or emails. Instead, unanswered issues would advance through an escalation tree. This might be true to an extent; an occasional missed voicemail or email might not present a problem. But it defies common sense to believe that an on-call employee charged with responding to critical voicemails and emails

could nonetheless ignore these duties with impunity and, instead, allow the slack to be picked up by others further up the escalation tree. A jury reasonably could conclude that the escalation tree did not offer Scales as significant of a respite as Defendants contend.

As for the parties' agreements, although Scales was hired as a salaried employee, there is no evidence that his employment contract discussed on-call pay. Defendants posit that Scales constructively agreed not to be paid for time spent waiting while on-call because he worked for at least two years under the policy and knew he was not being paid in the manner he now claims he was entitled to be. But there is some evidence that Scales complained about on-call compensation. Whether Scales constructively agreed not to be paid for time spent waiting while on-call is a fact question.

Because there are genuine disputes over whether and to what extent Scales could use on-call time for personal activities and whether he had constructively agreed to be paid only for actual work conducted on-call, it is inappropriate for the Court to decide as a matter of law whether Scales was "waiting to be engaged" or "engaged to wait." Although compensability ultimately is a legal question, it does not follow that the Court is free to resolve factual disputes and choose between competing reasonably inferences along the way. Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (Doc. 51) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall participate in a telephonic trial scheduling conference before Judge Douglas L. Rayes on **April 10, 2020 at 9:00 a.m.** Parties participating shall do so via landline only. The use of cell phones will not be permitted. The parties will be provided with the call-in information via separate email.

Dated this 27th day of March, 2020.

Douglas L. Rayes
United States District Judge

- 4 -